I concur fully in the main opinion. I write specially to memorialize a unique feature of this proceeding.
Most cases, of necessity, involve at least one lawyer who will not prevail. "May the best case win" is a saying we hear from time to time around a courtroom at the beginning of the proceedings. This enables the lawyer who ultimately does not prevail to ease the pain by telling himself, if no one else, that while the client had the best lawyer, the client did not have the best case.
I cannot apply that saying in all respects to this case because I do not want to insinuate in any way that counsel for Branch and Ligon, the prevailing party in this appeal, i.e., the party with "the best case," was in any way inferior to counsel for Claude's son. But I will carve out so *Page 489 
much of it as is necessary to observe that it is my duty as an Associate Justice to decide cases based on my best judgment as to the proper application of the law to the facts or, put another way, based on who had "the best case." I have done so in this case, notwithstanding my awe over the fact that counsel for the unsuccessful party, D. Harry Markstein, Jr., briefed and argued this case on March 18, 2003, at the age of 90. In so doing, he probably quite easily holds the record as the oldest member of the Alabama State Bar to appear before this Court.
While he did not prevail, Mr. Markstein quite ably represented his client with zeal, clarity of thought, and legal scholarship that lawyers many years his junior would do quite well to emulate. Perhaps, on another day, we can note Mr. Markstein's eclipse of his own record with a ruling in a setting where he has "the best case."